UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK JEFFERY GRANT,

     Plaintiff,

v.                                                                  CASE NO. 6:13-cv-168-Orl-TBS

DENISE JARDIN ROTOLANTE,

     Defendant.

_____

<u>ORDER</u>

The parties have consented to trial by the United States Magistrate Judge and

the District Judge has referred this case to the Magistrate for all proceedings including

trial.  (Doc. 38).  Now, the case comes before the Court without oral argument on the

following pleadings and papers:

1.    The Complaint and Motion to Vacate Arbitration Award filed by Plaintiff Mark Jeffery Grant (Doc. 1);

2.    The Motion to Dismiss for Lack of Subject Matter Jurisdiction and Incorporated Memorandum of Law filed by Defendant Denise Jardin Rotolante (Doc. 11);

3.    The Memorandum in Opposition to Arbitration Claimant Ms. Rotolante's Motion to Dismiss (Doc. 21-2);

4.    The Notice of Motion and Motion to Vacate Arbitration Award for Lack of Arbitrability filed by Plaintiff Mark Jeffery Grant (Doc. 21-1);

5.    The Memorandum in Support of Plaintiff's Motion to Vacate Arbitration Award for Lack of Arbitrability filed by Plaintiff Mark Jeffery Grant (Doc. 21-2);

6.    The Response in Opposition to Plaintiff's Motion to Vacate Arbitration Award for Lack of Arbitrability filed by Defendant Denise Jardin Rotolante (Doc. 33);

-1-

7.    The Petition to Confirm Arbitration Award and For Entry of Judgment filed
       by Defendant Denise Jardin Rotolante (Doc. 10);

8.    The Answer and Counterclaim to Defendant Denise Jardin Rotolante's
       Petition to Confirm Arbitration Award filed by Plaintiff Mark Jeffery Grant
       (Doc. 9);

9.    The Answer to Counterclaim and Affirmative Defenses filed by Defendant
       Denise Jardin Rotolante (Doc. 20); and

10.   The Motion to Remand for Lack of Subject Matter Jurisdiction and
       Incorporated Memorandum of Law filed by Defendant Denise Jardin
       Rotolante (Doc. 16).

I.

Plaintiff Mark Jeffrey Grant is a managing director, head of the Structured
Finance Department, and head of the Corporate Syndicate Department of Southwest
Securities, Inc. ("SWS").  (Doc. 21-2 at 11).  He is also a Financial Industry Regulatory
Authority ("FINRA") registered representative per Securities and Exchange Commission
("SEC") Rule 17 C.F.R. § 240.15b7-1.  (Id. at 18).  Plaintiff and Defendant Denise Jardin
Rotolante are residents of Brevard County, Florida, neighbors, and former friends.
(Doc. 1 ¶ 1; Doc. 16-1 ¶¶ 2-3; Doc. 9 ¶¶ 2-3.)  In June 2011, Defendant commenced a
FINRA arbitration against Plaintiff and other respondents.  (Doc. 16-1).  On November
27, 2012, the arbitration panel entered an award for Defendant and against Plaintiff in
the amount of $49,000, together with pre and post judgment interest, attorney's fees as
provided in FLA. STAT. § 517.301, and Defendant's $375 non-refundable share of the
FINRA filing fee.  (Id. at 11).

On December 28, 2012, Defendant petitioned (the "Petition") the Circuit Court of
the Eighteenth Judicial Circuit in and for Brevard County, Florida to confirm the
arbitration award and enter judgment for Defendant (the "State Court Action").  (Doc.

-2-

10).  On January 15, 2013, Plaintiff filed a complaint in the Middle District of Florida,

Tampa Division seeking to vacate the arbitration award pursuant to § 10(a)(4) of the

Federal Arbitration Act (the "Federal Court Action").  (Doc. 1).  Plaintiff alleges in the

Federal Court Action that the arbitration award should be vacated because: (1) the

arbitration panel did not have jurisdiction over him and therefore exceeded its power in

issuing the arbitration award in violation of 9 U.S.C. § 10(a)(4) (Count I);[1] (2) the

arbitration award "violates . . . [Plaintiff's] right to free speech under the First

Amendment of the United States Constitution" (Count II); and (3) the arbitration award is

arbitrary and capricious, in manifest disregard of the law, and in excess of the

arbitration panel's powers because the panel "disregarded the law that it lacked

jurisdiction over" Plaintiff, and disregarded "other provisions of federal and state law"

(Count III).[2]  (Doc. 1 at 2, 8-13).  Plaintiff removed the State Court Action to the Middle

District of Florida on January 24, 2013 on the grounds of federal question jurisdiction,

and the Federal Court Action was transferred to the Orlando Division on January 29,

---

[1] Plaintiff objected to the arbitration panel's jurisdiction over him because: "(a) neither he nor his employer SWS had an Arbitration Agreement with . . . [Defendant]; (b) . . . [Defendant] never opened any account with [Plaintiff] or SWS, and . . . [Defendant] had never paid [Plaintiff] anything . . . for financial advice or for the purchase or sale of any security; and (c) [Defendant] did not 'purchase or sell' any security from or through [Plaintiff] or his employer SWS."  (Doc. 1 at 4, 8, 10).

[2] Plaintiff alleges that the arbitration panel disregarded Florida case law which holds that one cannot be held liable for making negligent statements which resulted in nothing more than economic harm.  (Doc. 1 at 12).  He also alleges that the panel disregarded Florida case law which holds that individuals do not have a duty of care to third persons with respect to investment advice unless there is a customer relationship and compensation was paid.  (Id.).  Lastly, Plaintiff alleges the arbitration panel disregarded Florida case law which holds that the Florida Securities Act, under which Plaintiff was directed to pay attorneys' fees, does not apply without proof that compensation was paid for rendering investment advice for the purchase or sale of a security.  (Id. at 12-13).

2013. (Docs. 3, 4).

After removing the State Court Action, Plaintiff filed his answer and counterclaim to Defendant's Petition to confirm the arbitration award. (Doc. 9). Plaintiff's counterclaim seeks an order vacating the award on the grounds that Plaintiff was not subject to the arbitration panel's jurisdiction because Defendant was never his customer and imposing liability for his opinions violates his right to free speech under the First Amendment. (Id. at 4-7). Defendant answered Plaintiff's counterclaim and filed a motion to remand the State Court Action. (Docs. 16, 20.) Plaintiff has not filed a response in opposition to the motion to remand and the time to do so has passed. See M.D. FLA. R. 3.01(b) (stating that a party "opposing a motion . . . shall file within fourteen (14) days after service of the motion . . . a response that includes a memorandum of legal authority in opposition to the request . . ."). Defendant also filed a motion to dismiss the Federal Court Action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 11).

Plaintiff has submitted a letter to the Court requesting permission to file a memorandum in response to Defendant's motion to dismiss the Federal Court Action. (Doc. 21). Attached to the letter are a Notice of Motion and Motion to Vacate Arbitration Award for Lack of Arbitrability (the "Motion") (Doc. 21-1), and a Memorandum in Opposition to [Defendant's] Motion to Dismiss and in Support of the Motion to Vacate Arbitration Award for Lack of Arbitrability (the "Memorandum") (Doc. 21-2). Plaintiff has provided the Court with the following papers in support of his Motion and Memorandum: (1) the affidavit of Gary Irwin, counsel for Plaintiff (Doc. 26); (2) Plaintiff's motion to dismiss filed before the FINRA arbitration panel (Doc. 27 at 2); (3) the arbitration award

-4-

(Id. at 18); (4) excerpts from the transcript of the hearing before the arbitration panel (Doc. 28); (5) a motion in limine Plaintiff and SWS filed with the arbitration panel (Doc. 29 at 2); (6) a copy of the article What is a Broker-Dealer? (Doc. 29 at 28); and (7) FINRA Regulatory Notice 12-55 (Doc. 29-1 at 55).  Defendant has served her response to Plaintiff's Motion.  (Doc. 33.)  The primary issue before the Court is whether it has jurisdiction over this dispute.

II.

A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1446. Removal jurisdiction exists when the district court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000).  A district court has original jurisdiction over civil cases where the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" and over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §§ 1331, 1332(a).

After the case is removed, the plaintiff may move at any time for remand to state court for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  The plaintiff may also move to remand by challenging "the propriety of the removal itself, whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction" within thirty days of removal.  Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 n.64 (11th Cir. 2007) (emphasis in original); 28 U.S.C. § 1447(c).  In either case, the party seeking to invoke federal jurisdiction bears the burden of proving that the case is properly before the court.  Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir.

2002) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001)) ("A

removing defendant bears the burden of proving proper federal jurisdiction").  All

uncertainties concerning removal jurisdiction are to be resolved in favor of remand.

Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001) (citing

Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994))

III.

Subject matter jurisdiction must be affirmatively shown in the record before

considering the merits of any case.  Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411

F.3d 1242, 1247 (11th Cir. 2005) (citing Steel Co. v. Citizens for a Better Evn't, 523 U.S.

83, 94 (1998)).  Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either

a facial or factual challenge to a court's subject matter jurisdiction. See Lawrence v.

Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (addressing a factual attack to the

court's subject matter jurisdiction for a claim brought under the Federal Tort Claims

Act).  In a facial challenge, the court assumes all of plaintiff's allegations are true and

determines whether plaintiff has alleged a sufficient basis for subject matter jurisdiction.

Id. at 1529.  In a factual challenge, the court must determine if it has power to hear the

case.  Id.  The Eleventh Circuit has explained that when it is confronted with a factual

challenge, the court may consider "matters outside the pleadings, such as testimony

and affidavits . . . ."  Id. (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511

(5th Cir. 1980)).  When a factual attack also implicates an element of the cause of

action, jurisdictional dismissals should be allowed "only in those cases where the

federal claim is clearly immaterial or insubstantial."  Id. (quoting Williamson v. Tucker,

645 F.2d 404, 412 (5th Cir. 1981)).

-6-

IV.

Several pleadings and papers filed by Plaintiff in this action violate the Court's Local Rules.  Plaintiff's letter requesting permission to file the Motion and Memorandum states that counsel prepared a first draft of two memorandums, one in opposition to Defendant's motion to dismiss and one in support of Plaintiff's motion to vacate the arbitration award, but the two memorandums were "susceptible of being consolidated into one 25 page long brief, to avoid duplication."  (Doc. 21 at 1).  Plaintiff asks "[p]lease let me know if this is acceptable.  If not, I can file the Memorandums in two parts . . ." (Id.)  To the extent Plaintiff's letter requests permission to file the Motion and Memorandum, it violates Local Rule 3.01(f) which provides that:

> An application to the Court (i) requesting relief in any form, or (ii) citing authorities or presenting argument with respect to any matter awaiting decision, shall be made in writing . . . in accordance with this rule and in appropriate form pursuant to Rule 1.05; and, unless invited or directed by the presiding judge, shall not be addressed or presented to the Court in the form of a letter or the like.

M.D. FLA. R. 3.01(f) (emphasis added).  The letter also does not include an appropriate signature, is not double spaced, and does not include an appropriate caption pursuant to Rule 10(a) of the Federal Rules of Civil Procedure in violation of Local Rule 1.05. See M.D. FLA. R. 1.05(a), (b), and (d).

The combined Motion and Memorandum also violates this Court's Local Rule concerning page limits.  A motion or other application for an order shall not exceed twenty-five pages, and a response in opposition to a motion shall not exceed twenty pages.  M.D. FLA. R. 3.01(a) and (b).  Plaintiff's submission is 26 pages in length and contains lengthy footnotes, some of which span more than half the page and most of

which contain numerous string citations to case law and substantive arguments.  (Doc. 21-2).  The body of Plaintiff's paper, in addition to the footnotes, exceeds the Court's page limit requirements.  <u>Howard v. Hartford Life & Acc. Ins. Co.</u>, No. 3:10-cv-192-J-34TEM, 2013 WL 1010360, at *1 n.2 (M.D. Fla. Mar. 15, 2013) (finding a motion with multiple footnotes that took up more than half of the page and included multiple string citations exceeded the page limit); <u>Bollea v. Clem</u>, No. 8:13-cv-00001-T-27AEP, 2013 WL 1296076, at *1 n.1 (M.D. Fla. Mar. 28, 2013) (discussing the response's extensive substantive footnotes to be an "apparent effort to circumvent the page limits").

In addition, Plaintiff's Motion is not signed by counsel in violation of Local Rule 1.05(d) and Federal Rule of Civil Procedure 11.  <u>See</u> M.D. FLA. R. 1.05(d) ("All pleadings, motions, briefs, applications and other papers tendered by counsel for filing shall be signed personally as required by Rule 11, Fed. R. Civ. P."); FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . . .").  And, Plaintiff's complaint in the Federal Court Action violates this Court's local rule which requires pleadings to be double-spaced.  <u>See</u> M.D. FLA. R. 1.05(a).

Pleadings filed in violation of the Local Rules should be ordered stricken or returned.  E.g., <u>Oslen v. Lane</u>, No. 93-826-CIV-T-17A, 1994 WL 151046, at *3 (M.D. Fla. Apr. 11, 1994) (striking letters filed in violation of Local Rule 3.01(f)); <u>Lync Sales Co. v. Hudson's Furniture Showroom, Inc.</u>, No. 6:09-cv-363-Orl-19GJK, 2009 WL 2495976, at *1 (M.D. Fla. Aug. 11, 2009) (striking a letter motion in violation of Rule 3.01(f) and for failure to include the proper caption).  However, Local Rule 1.01(c) provides that the Court "may suspend application and enforcement" of the Local Rules

"in the interests of justice . . . ."  M.D. FLA. R. 1.01(c).  In the interest of efficient

resolution of the pending motions, the Court will not strike Plaintiff's pleadings and

papers.  But, the Court admonishes Plaintiff and his counsel that the failure to adhere to

the Local Rules in the future will result in the filed document being stricken or returned.

V.

The parties to the State Court Action are not diverse and the amount in

controversy is less than $75,000.  Consequently, this Court only has subject matter

jurisdiction if the case raises a federal question.  See 28 U.S.C. § 1331.  In Pacheco de

Perez v. AT & T Co., the Court explained:

> Federal question jurisdiction exists if the plaintiff's suit "arises
> under" the "Constitution, treaties or laws of the United States.  In
> general, a case "arises under" federal law if federal law creates the
> cause of action, or if a substantial disputed issue of federal law is a
> necessary element of a state law claim.  The determination of
> whether federal question jurisdiction exists must be made on the
> face of the plaintiff's well-pleaded complaint; an anticipated or even
> inevitable federal defense generally will not support removal based
> upon federal question jurisdiction.

139 F.3d 1368, 1373 (11th Cir. 1998) (internal quotations omitted); see also Franchise

Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983) (Plaintiff's well-

pleaded complaint must "establish either that federal law creates the cause of action or

that the plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal law.").

To determine whether the Court has jurisdiction over the State Court Action, the

Court applies the well-pleaded complaint rule, which requires that it "look to the face of

the [Petition] rather than to defenses, for the existence of a federal question."  Jones v.

LMR Int'l, Inc., 457 F.3d 1174, 1178 (11th Cir. 2006) (citing Caterpillar Inc. v. Williams,

482 U.S. 386, 392 (1987)); accord Aetna Health Inc. v. Davila, 542 U.S. 200, 207

(2004) (internal citation omitted).  The United States Supreme Court has said that

"'whether a case is one arising under the Constitution or a law or treaty of the United

States, in the sense of the jurisdictional statute[,] . . . must be determined from what

necessarily appears in the plaintiff's statement of his own claim . . .'" Aetna Health Inc.,

542 U.S. at 207 (quoting Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)).  A defendant

may not generally remove a case to federal court unless "the plaintiff's complaint

establishes that the case 'arises under' federal law."[3]  Franchise Tax Bd., 463 U.S. at 2;

see also Schmidt v. Nat'l Org. for Women, 562 F. Supp. 210, 213 (N.D. Fla. 1983)

(internal citations omitted) (stating that the federal question which is the basis for

jurisdiction must be disclosed on the face of the complaint and be "unaided by the

answer or the petition for removal").

　　　The State Court Action was filed pursuant to § 682.12, Florida Statutes.[4]  (Doc.

10 ¶ 1).  In her Petition, Defendant does not raise any argument under federal law or

the United States Constitution.  (Id.)  She asks only that the court confirm the arbitration

---

[3] An exception to the well-pleaded complaint rule exists "when a federal statute
wholly displaces the state-law cause of action through complete pre-emption," the state
claim can be removed.  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003).  However,
Plaintiff has not argued that Defendant's claim in her Petition is completely preempted, nor
does it appear from the record that the doctrine of complete preemption would apply.

[4] Section 682.12, Florida Statutes provides:

Upon application of a party to the arbitration, the court shall confirm an
award, unless within the time limits hereinafter imposed grounds are urged
for vacating or correcting the award, in which case the court shall proceed as
provided in ss. 682.13 and 682.14.

FLA. STAT. § 682.12 (2012).

award and assess attorney's fees under Florida state law.  (Id.)  Thus, federal subject

matter jurisdiction does not exist on the face of Defendant's Petition.

In his Notice of Removal, Plaintiff makes the following assertion concerning

jurisdiction:

> This Court has original jurisdiction over this action under 28 U.S.C. §
> 1331 and, for the reasons stated above, this action is removable to this
> Court under 28 U.S.C. § 1441.  As explained in more detail in
> [Plaintiff's] Complaint, and as [Plaintiff] will further brief the Court,
> [Plaintiff] contends that the Arbitration Panel Award (1) violates
> [Plaintiff's] right to free speech under the First Amendment to the
> United States Constitution; (2) that the FINRA Panel's exercise of
> jurisdiction over him was in "excess of the Arbitration Panel's powers"
> and that the Panel's interpretation of FINRA's applicable jurisdictional
> rule is an interpretation which violates [Plaintiff's] First Amendment
> rights; and (3) that the Arbitration Panel construed other applicable law
> in a manner which violates [Plaintiff's] right to free speech under the
> First Amendment.

(Doc. 3 ¶ 3).  Plaintiff is the party which raises the First Amendment as an affirmative

defense and counterclaim in the State Court Action.  (Doc. 9 at 3, 4-7.)  It is well

established that a defense or counterclaim presenting a federal question cannot create

removal jurisdiction.  Vaden v. Discover Bank, 556 U.S. 49, 54, 70 (2009) (federal

jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim);

Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir. 1998).  The allegations in

Plaintiff's complaint in the Federal Court Action are irrelevant to the Court's

determination whether removal of the State Court Action was proper.  Stern v. Int'l Bus.

Machs. Corp., 326 F.3d 1367, 1370 (11th Cir. 2003) (citation and internal quotation

omitted) (noting federal question jurisdiction must "necessarily appear in the plaintiff's

statement of his own claim) (emphasis added); Royal Bank Am. v. Kirkpatrick, Nos. 11-

1058 and 11-1112, 2011 WL 4528349, at *2-3 (E.D. Pa. Sept. 30, 2011) (considering

only the petition to confirm filed in state court and not the separate petition to vacate filed in federal court to determine if removal was proper).  Here, it is clear that the Court lacks federal question jurisdiction over the State Court Action and that Plaintiff's removal to this Court was improper.  Accordingly, Defendant's motion for remand is due to be granted.

VI.

In her motion for remand, Defendant requests costs and attorney's fees resulting from the removal.  (Doc. 16 at 11.)  An order that remands a case "may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  An award of fees and costs under § 1447(c) is within the Court's discretion.  Rae v. Perry, 392 F. App'x 753, 754 (11th Cir. 2010); Tran v. Waste Mgmt., Inc., 290 F. Supp. 2d 1286, 1295 (M.D. Fla. 2003).  A showing of bad faith is not necessary as a predicate to the award of attorney's fees.  Tran, 290 F. Supp. at 1295.  Instead, the court may award fees and costs for improper removal or if there was no objectively reasonable basis for removal.  Id. (citing Butterworth v. Changes Casino Cruises, Inc., No. 97-846-Civ-J-20, 1997 WL 1068628, at *4 (M.D. Fla. July 14, 1997)); Rae, 392 F. App'x at 755.

The Court finds Plaintiff's basis for removal was contrary to well-settled law and was not objectively reasonable.  Hansard v. Forsyth Cnty., GA, 191 F. App'x 844, 846-47 (11th Cir. 2006) (finding the district court did not abuse its discretion by awarding fees under § 1447(c) when the original state court complaint, on its face, did not plead a federal claim and resolution of the state law claims did not require resolution of any federal issues).  The Court will therefore grant Defendant's request for attorney's fees

-12-

and costs.  Defendant shall file a separate application for attorney's fees and costs

associated with her motion to remand within fourteen days from the date of this Order

and Plaintiff shall have fourteen days to respond.

VII.

Plaintiff's claim that this Court has subject matter jurisdiction over the Federal

Court Action is based solely on the arbitration panel's alleged violation of his First

Amendment right of free speech.  The Speech Clause of the First Amendment states

that "Congress shall make no law . . . abridging the freedom of speech . . ."  U.S.

CONST. amend. I.  The Speech Clause is made applicable to the States by the

Fourteenth Amendment which provides in part, that "[n]o State shall . . . deprive any

person of life, liberty, or property without due process of law."  U.S. CONST. amend. XIV.

"[T]he constitutional guarantee of free speech is a guarantee only against abridgment

by government, federal or state."  Hudgens v. NLRB, 424 U.S. 507, 513 (1976); See

Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) ("the principle has become firmly

embedded in our constitutional law that the action inhibited by the first section of the

Fourteenth Amendment is only such action as may fairly be said to be that of the

States.") (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)); Holloman v. Harland, 370

F.3d 1252, 1268 (11th Cir. 2004) ("The First Amendment, as incorporated through the

Due Process Clause of the Fourteenth Amendment, applies to state and municipal

governments, state-created entities, and state and municipal employees.") ((internal

citations omitted); Davis v. Prudential Sec., Inc., 59 F.3d 1186, 1190 (11th Cir. 1995)

("First, it is axiomatic that constitutional due process protections 'do not extend to

private conduct abridging individual rights.") (quoting National Collegiate Athletic Ass'n

-13-

v. Tarkanian, 488 U.S. 179, 191 (1988)).  The burden is on Plaintiff to show that "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself."  Blum, 457 U.S. at 1004 (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)).

To satisfy the state action requirement, Plaintiff asserts that "the combination of [Plaintiff's] SEC mandated FINRA registration, the quasi-governmental nature of a FINRA arbitration, and the Florida law requirement of an additional state court action in order for [Defendant] to obtain attorneys' fees she seeks, is an attempt to impose civil liability on [Plaintiff] 'under color of state action.'" (Doc. 21-2 at 3-4 n.9).

In Blum, the court articulated a three part test to determine the presence of state action.  457 U.S. at 1004-05.  First, a plaintiff must show there is such a close connection between the government and a regulated entity's action "that the action of the latter may be fairly treated as that of the State itself.'"  Id. at 1004 (quoting Jackson, 419 U.S. at 351).  "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment."  Id.  "Second, although the factual setting of each case will be significant, our precedents indicate that a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."  Id.  "Third, the required nexus may be present if the private entity has exercised powers that are 'traditionally the exclusive prerogative of the State.'"  Id. (quoting Jackson, 419 U.S. at 353).

-14-

FINRA is a private, not-for-profit corporation, formerly known as the National Association of Securities Dealers, Inc.  Morgan Keegan & Co. v. Jindra, No. C11-5704 BHS, 2011 WL 5869586, at *1 n.1 (W.D. Wash. Nov. 22, 2011).  It describes itself as "the largest independent regulator of securities firms doing business with the public in the United States."  See http://www.finra.org/AboutFINRA/.  FINRA is registered with the SEC as a national securities association created pursuant to the Maloney Act amendments to Section 15A of the Securities Exchange Act of 1934.  See 15 U.S.C. § 78o-3.  The statute provides for the creation of associations of brokers and dealers registered as national securities associations provided they satisfy the rules and minimum requirements of the law.  Id.

"As a practical matter, all securities firms dealing with the public must be members of FINRA."  Fiero v. FINRA, 660 F.3d 569, 571 (2d. Cir. 2011).  But, "[t]he fact '[t]hat a private entity performs a function which serves the public does not make its acts [governmental] action.'" San Francisco Arts & Athletics, Inc. v. United States Olympic Comm., 483 U.S. 522, 544 (1987) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 842, (1982)).

While Plaintiff may have been required to be registered under FINRA, he has not cited any federal or state statute or regulation which encourages or requires FINRA members to arbitrate disputes.  Plaintiff has not shown that FINRA's arbitration rules were enacted or approved by Congress.  He has not shown that the federal government has the right to control FINRA or its management.  And, the arbitration was conducted by a private arbitration panel.  Thus, it is clear that there is not "a sufficiently close nexus between the State and the challenged action."  Jackson, 419 U.S. at 351

-15-

(emphasis added).  In sum, Plaintiff has failed to show that the federal government is responsible for the acts of the arbitrators about which he complains.  Therefore, Plaintiff has not shown the "close nexus" the law requires.  See Blum, 457 U.S. at 1004-05 (quoting Jackson, 419 U.S. at 350); see also Jindra, 2011 WL 5869586, at *2 ("FINRA is a non-governmental agency, and it has no specific grant of authority---from Congress or some other form of governmental power---to conduct arbitration proceedings.  As such, its authority to compel arbitration must have some contractual basis---either a contract between customer and FINRA member, or an agreement between the member and FINRA."); Sykes v. Escueta, No. 10-3858 SC, 2010 WL 4942608, at *2 (N.D. Cal. Nov. 29, 2010).[5]

Moving to the second and third prongs, government is not responsible for the arbitration of this controversy.  No federal or state law required Plaintiff to arbitrate the underlying matter with Defendant,  Arbitration is a matter of contract and a party cannot be required to arbitrate a dispute it did not agree to submit to arbitration.  Chastain v. Robinson-Humphrey Co., Inc., 957 F.2d 851, 854 (11th Cir. 1992).  Therefore, the government is not responsible for Plaintiff's decision to arbitrate and it cannot be said that FINRA exercised any power that is "traditionally the exclusive prerogative of the State."  Jackson, 419 U.S. at 353.

---

[5]Plaintiff's argument that Defendant seek recovery of her attorney's fees in state court also fails.  "[C]ourts considering the issue have rejected the argument that the limited state action inherent in the confirmation of private arbitration awards mandates compliance wit the Due Process Clause."  Davis, 59 F.3d at 1192 (citing United States v. Am. Soc'y of Composers, Authors and Publishers, 708 F. Supp. 95, 96-97 (S.D.N.Y. 1989)).

VIII.

Now, it is ORDERED that:

(1) Defendant's Motion to Remand for Lack of Subject Matter Jurisdiction and Incorporated Memorandum of Law filed by Defendant Denise Jardin Rotolante (Doc. 16) is GRANTED.  The State Court Action is REMANDED to the state court for all further proceedings save the taxation of attorney's fees and costs associated with the wrongful removal of the case to this Court.

(2) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Incorporated Memorandum of Law (Doc. 11) is GRANTED.   Plaintiff's Complaint and Motion to Vacate Arbitration Award filed by Plaintiff Mark Jeffery Grant (Doc. 1) is DISMISSED without prejudice for lack of subject matter jurisdiction.

(3) All other pending motions are TERMINATED.

IT IS SO ORDERED.

DONE and ORDERED in Chambers at Orlando, Florida on this 17th day of May, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to Counsel of Record

-17-